NESBIT et al., Respondents, v. BRAKER, Appellant. (Supreme Court, Appellate Division, First Department. January 10, 1908.) Appeal from Special Term. Action by David M. Nesbit and another against Henry J. Braker. Judgment for plaintiffs, and defendant appeals. Affirmed. Anson M. Beard, for appellant. Frank M. Avery, for respondents.

PER CURIAM. Judgment affirmed, with costs.

McLAUGHLIN, J. (dissenting). I am unable to agree with the other members of the court that the judgment, in so far as it disallows the first counterclaim pleaded, should be affirmed. There have been two trials of the action. At the first trial this counterclaim was disallowed, but on appeal the judgment was reversed as against the evidence and a new trial ordered. Nesbit v. Braker, 104 App. Div. 393, 93 N. Y. Supp. 856. Mr. Justice Hatch, in delivering the opinion for a majority of the court, referring to this counterclaim, said: "Aside from mere oral proof, however, stand certain physical conditions which are much more important and satisfactory in the establishment of facts than oral statements can possibly be. All of these doors cracked and checked and otherwise fell apart in a uniform manner. There was no difference in them, save in slight degree. It is an affront to common sense to conclude upon such facts that each door absorbed the same amount of moisture at the same time, and was subjected to the same amount of heat at the same time; and yet such must be the conclusion if we attribute the condition of these doors to the absorption of moisture and the application

of heat. The fact that they all cracked alike is controlling evidence that the same infirmity practically existed in each door, and this result could only be obtained by the same kind of a defect in each. Manifestly such condition could not be produced by the accidental absorption of moisture. Some of the doors had not even been placed where dampness could be absorbed, assuming that others might have been exposed thereto. The action of heat and moisture accidentally received or applied does not manifest itself in this uniform way. So that not only does the oral testimony in this case predominate in favor of the defendant's contention, but the physical conditions are conclusive of it. And when this is coupled with the fact that the burden of showing performance of the contract rested upon the plaintiffs, and that substantial performance only was found by the court, it is clear that the plaintiffs failed to establish facts authorizing a recovery for the doors and panels." The evidence at the second trial, bearing on this subject, was substantially the same in all respects as that offered on the former trial. This fact is not disputed. It was the duty of the learned trial justice, therefore, to have given effect to the decision of this court, instead of ignoring it. The evidence was the same as it was on the first trial, and therefore, our former decision was not only binding, but controlling, on the second trial. That decision was deliberately made. It is not claimed that any fact was overlooked or that a rule of law was erroneously applied. The orderly administration of justice requires that the decision of an appellate court shall be followed by the trial court. It also requires the appellate court to follow its own decisions, unless it is made to appear that the former decision was erroneously made, either upon the facts or the law. The fact that the personnel of the court has changed since the former decision was made is no reason whatever why such former decision should not be followed. I thing the judgment appealed from, so far as it relates to this counterclaim, should be reversed, and a new trial ordered, with costs to appellant to abide event.